

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON
1050 SW SIXTH AVENUE, #700
PORTLAND, OREGON 97204
(503) 326-1536

**PETER C. McKITTRICK**
BANKRUPTCY JUDGE

KATIE DEVLIN
LAW CLERK

TONIA McCOMBS
LAW CLERK

February 7, 2022

Rachel Wolf
370 Meyers St. South
Salem, OR 97302

Gregory J. Christensen
P.O. Box 2039
Corvallis, OR 97339

    Re: <u>In re Godofredo Lee Quiroz</u>, Case 19-63163-pcm7
         <u>Wolf v. Quiroz</u>, Adv. P. 20-6001-pcm

Dear Ms. Wolf and Mr. Christensen:

    The purpose of this letter is to rule on two post-trial motions filed by Plaintiff. For the reasons discussed below, both motions will be denied. The court will enter a separate judgment awarding certain costs to Plaintiff.

    Plaintiff obtained a prepetition state court judgment against Debtor. Her complaint in this adversary proceeding sought a determination that the debt owed to her by Debtor is nondischargeable under § 523(a)(2)(A) and that Debtor's discharge should be denied under multiple subsections of § 727(a). Plaintiff also asserted a claim against Debtor for financial abuse under Oregon law.

    A trial was held on November 3, 2021. The court issued its findings of fact and conclusions of law in a letter dated December 13, 2021 (the Letter Ruling). Doc. 269. The court denied Debtor's discharge under § 727(a)(2)(A) and determined that Plaintiff's claim under § 523(a)(2)(A) was moot as a result of the denial of discharge. The court also explained in the Letter Ruling its reasons for denying Plaintiff's financial abuse claim. The court entered judgment on December 17, 2021. The judgment provides:

        1. That Plaintiff is awarded judgment against Defendant and that the discharge of Defendant is denied under 11 U.S.C. § 727(a)(2)(A);

      2. That Plaintiff's claim under 11 U.S.C. § 523(a)(2)(A) is denied as moot; and

      3. That Defendant is awarded judgment against Plaintiff on Plaintiff's claim for financial abuse under ORS 124.110.

Doc. 272. Plaintiff filed a Declaration for Bill of Costs (the Cost Bill) shortly after the court entered judgment. Doc. 276.

Plaintiff has filed two post-trial motions. The first motion, Doc. 277, was filed on January 3, 2022, and is captioned Plaintiff's Motion for Reconsideration to Alter or Amend Judgment under FRBP 9023 and FRCP 59 (the Motion to Alter or Amend). The second motion, Doc. 278, was filed on January 10, 2022, and is captioned Plaintiff's Motion to Correct Judgment Pursuant to FRCP 60(a) to Include Award of Costs under FRBP 7054(b) (the Motion to Correct).

Analysis

I. Motion to Alter or Amend

With a certain exception not applicable here, Fed. R. Civ. P. 59 is made applicable in bankruptcy by Fed. R. Bankr. P. 9023. A party seeking to amend a judgment under Rule 59 must raise one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. All Hawaii Tours Corp. v. Polynesian Cultural Center, 116 F.R.D. 645, 649 (D. Haw. 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988).

> The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2810.1 (3d ed. 2012)(footnotes omitted). The moving party has a heavy burden to establish error sufficiently serious to merit amendment under Rule 59(e). Wallace v. Brown, 485 F. Supp. 77, 79 (S.D. N.Y. 1979).

Plaintiff argues that Rule 59 requires the court to: (1) address the merit of each of Plaintiff's § 727 claims and deny Debtor's discharge under additional subsections of § 727; (2) address the merit of Plaintiff's § 523 claim and find the debt nondischargeable; and (3) enter judgment in favor of Plaintiff on the financial abuse claim.

Plaintiff cites no authority to support her position that the court must address each subsection of § 727(a) upon which Plaintiff relied in seeking to have Debtor's discharge denied. The authority is to the contrary.

> Denial of a discharge pursuant to one provision of Section 727(a) eliminates the need for consideration of the remaining claims. [Farouki v. Emirates Bank Int'l, 14 F.3d 244, 250

Rachel Wolf
Gregory J. Christensen
February 7, 2022
Page 3

(4th Cir. 1994)](citing In re Shumate, 55 B.R. 489, 495 (Bankr. W.D. Va. 1985); In re Moore, 89 B.R. 935, 937 (Bankr. M.D. Fla. 1988)).

In re Ruppert, 2007 Bankr. LEXIS 4990, *16 (Bankr. D. Md May 23, 2007)(finding discharge should be denied under § 727(a)(6)(A) and declining to consider remaining counts under two additional subsections of § 727(a)). See also In re Stevens, 250 B.R. 750, 756-57 (Bankr. M.D. Fla. 2000)("Having found sufficient evidence to deny the discharge pursuant to § 727(a)(4)(A), the Court will not address Trustee's § 727(a)(2)(B) claim."). Plaintiff is not entitled to relief under Rule 59.[1]

Similarly, Plaintiff cites no authority that the court erred in failing to rule on the § 523 claim. As the court stated in the Letter Ruling, the denial of Debtor's discharge mooted the § 523 claim. A court must refrain from reaching the merits of a moot claim. In re Unruh, 278 B.R. 796, 807 (Bankr. D. Minn. 2002)(declining to rule on § 523 claim after denying the debtor's discharge under § 727).

Plaintiff has not shown that she is entitled to entry of judgment in her favor on the ORS 124.110 financial abuse claim. The court explained in the Letter Ruling that it was denying Plaintiff's financial abuse claim for two, independent reasons. Plaintiff has not shown a clear error of law or the need to prevent manifest injustice.

Plaintiff clarified at the beginning of the trial that her financial abuse claim is based on Debtor's alleged fraudulent attempts to avoid paying the state court judgment after it was entered, not on Debtor's conduct before entry of that judgment. The first basis upon which the court denied Plaintiff's financial abuse claim is that efforts to avoid paying a debt, even if wrongful, do not constitute financial abuse under ORS 124.110. The court reached that

---

[1] Fed. R. Civ. P. 52(b), made applicable to adversary proceedings by Fed. R. Bankr. P. 7052, provides that a court "may amend its findings – or make additional findings – and may amend the judgment accordingly."

> Any party may move the court to amend or supplement the findings to correct a manifest error in the court's findings of fact or conclusions of law. However, the court is not required to amend the findings if errors alleged would not in any way affect the outcome of the case.

> The party who moves to amend the findings bears the burden of showing that a harmful error has been made.

9 Moore's Federal Practice, § 52.60[4] (Matthew Bender 3d Ed.)(footnotes omitted). To the extent the Motion to Alter or Amend should be construed as a motion for additional findings under Rule 52(b), the court denies that motion.

Relief under Rule 52 is not warranted because, as is discussed above, Plaintiff has not shown that the court erred in declining to address each subsection of § 727(a) upon which she relied in the complaint. Moreover, addressing the merits of additional subsections of § 727(a) would not in any way affect the outcome of this case.

conclusion after analyzing ORS 124.110 and caselaw applying that statute. Plaintiff does not address the authorities discussed by the court or show that the court erred in its analysis.

The second basis upon which the court denied Plaintiff's financial abuse claim is that the record is devoid of any evidence that Plaintiff is a "vulnerable person" eligible to bring an action for financial abuse under Oregon law. The court accepts as true that Plaintiff has a disability. However, as the court explained in the Letter Ruling,

> only a "vulnerable person" may bring an action for financial abuse under ORS 124.110(1)(a) and (b). A "person with a disability" qualifies as a "vulnerable person" only if they are "susceptible to force, threat, duress, coercion, persuasion or physical or emotional injury because of the person's physical or mental impairment." ORS 124.100(1)(e)(D).

Doc. 269, p. 6. Plaintiff has not shown that the court overlooked any evidence in the record that she is a vulnerable person within the meaning of ORS 124.100.

Plaintiff made numerous general statements during the pendency of this adversary proceeding about having health issues and being disabled. The court provided several accommodations to her, including the timing and scheduling of hearings to address her stated limitations. However, Plaintiff's pretrial statements were not specific enough for the court to determine that Plaintiff is a vulnerable person within the meaning of the statute and, in any event, any such pretrial statements are not evidence included in the trial record. Similarly, the statements made by Plaintiff in the Motion to Alter or Amend are not evidence in the record of trial upon which the court may rely in considering a Rule 59 motion, assuming they go to the question of whether she is a vulnerable person within the meaning of Oregon law. A Rule 59 motion may not be used to raise arguments, or to present evidence, that could have been raised or presented before entry of judgment.

Plaintiff disagrees with the court's decision to deny the financial abuse claim. However, A motion for reconsideration under Rule 59 may not be used simply to express the opinion that the court was wrong. In re JSJF Corp., 344 B.R. 94, 103 (9th Cir. BAP 2006). A Rule 59 motion is not a substitute for an appeal.

Finally, Plaintiff takes issue with the wording of the judgment in two respects. First, she asks that the judgment be amended to state that the § 523 claim is dismissed, rather than denied, as moot. Second, she argues that the court should simply deny the financial abuse claim rather than award judgment in favor of Debtor on that claim. Plaintiff does not cite, and the court is not aware of, any authority that the use of the word "denied" is wrong or substantively distinguishable from the word "dismissed." The judgment makes it clear that the court did not address the § 523 claim because it was moot. Therefore, the judgment is not in error. Moreover, Plaintiff has not shown that the judgment as written injures her or that changing the wording of the judgment would in any way impact her substantial legal rights.[2] Absent such a showing,

---

[2] Debtor does not seek costs and as is explained below, the court finds that Plaintiff is the prevailing party in this adversary proceeding.

Relief under Rule 59 is not warranted.  Thomassen v. United States, 835 F.2d 727, 731 (9th Cir. 1987); Butler v. French, 83 F.3d 942, 944 (8th Cir. 1996).  See also Fed. R. Civ. P. 61, made applicable by Fed. R. Bankr. P. 9005.

The Motion to Alter or Amend will be denied for the reasons stated above.

II. Motion to Correct

Fed. R. Civ. P. 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."[3]  Plaintiff argues that relief under Rule 60(a) is appropriate because "the absence of any mention of awarding costs in the Judgment must have been an oversight or omission by the Court[.]"  Doc. 278, p. 2.  Plaintiff is mistaken and the Motion to Correct will be denied.

It is true that costs are not mentioned in the judgment, but the determination of costs at the conclusion of a case is a separate act from entry of judgment on the merits.  Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988).  "A sharp distinction between the judgment on the merits and an award of costs under Rule 54(d) also is evident in Rule 58's[4] instruction that 'entry of the judgment shall not be delayed for the taxing of costs.'"  Id.  See also LBR 9021-1(d)(cost bill must be filed no later than 14 days after entry of order or judgment to which it relates).

The court will enter an order denying the Motion to Correct as such a correction is not necessary.  However, as stated above, the court will enter a separate judgment awarding costs to Plaintiff as specified below.[5]

III. Cost Award

The Cost Bill requests costs of $2,652.  Debtor did not file an objection to the Cost Bill.  Fed. R. Bankr. P. 7054(b) provides that the court may allow costs to a prevailing party.  The court determines that Plaintiff is the prevailing party in this adversary proceeding.  Costs that are allowable are those set out in statute, which are:

(1) Fees of the clerk and marshal;

---

[3]  With certain exceptions not applicable here, Fed. R. Civ. P. 60 applies in bankruptcy by virtue of Fed. R. Bankr. P. 9024.

[4]  Fed. R. Civ. P. 58 is made applicable in adversary proceedings by Fed. R. Bankr. P. 7058.

[5]  Plaintiff requests that the court modify the judgment to include the amount currently due under the prepetition state court judgment she obtained against Debtor.  That request is denied.  The denial of Debtor's discharge essentially restored to Plaintiff any enforcement rights she has under state law with regard to the prepetition state court judgment.

  (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

  (3) Fees and disbursements for printing and witnesses;

  (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

  (5) Docket fees under section 1923 of this title;

  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A bankruptcy court must limit its cost award to those items delineated in 28 U.S.C. § 1920. In re Olick, 466 B.R. 680, 691 (E.D. Penn. 2011); In re Northwestern Corp., 326 B.R. 519, 530 (Bankr. D. Del. 2005).

  Plaintiff's cost bill includes a total of $380 for mileage & parking, postage & shipping, and trial binders & divider sets. Those items are not listed in § 1920 and thus cannot be awarded. Nail v. Shipp, 2020 U.S. Dist. LEXIS 59079, *35-6 (S.D. Ala. April 3, 2020)(costs of travel and postage not awardable under § 1920); Jinsun, LLC v. Mireskandari, 2016 U.S. Dist. LEXIS 195077, *15 (S.D. Tex. May 27, 2016)(binders and tabs not allowable costs under § 1920). The court will award the balance of costs applied for, which total $2,272.

  In an order entered on December 15, 2020, Doc. 180, the court awarded Plaintiff costs of $300.10, which amount is not included in the Cost Bill. For simplicity's sake, the court will include this amount in the forthcoming judgment so that all costs awarded to Plaintiff in this adversary proceeding are included in a single judgment. The judgment will supersede the court's earlier order.

## Conclusion

  The court will prepare and enter an order denying the Motion to Alter or Amend and the Motion to Correct. The court will prepare and enter a judgment awarding to Plaintiff total costs of $2,572.10.

Sincerely,

PETER C. MCKITTRICK
Bankruptcy Judge